APRIL L. HOLLINGSWORTH (Bar No. 9391)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ADRIANA CLARK,**<br><br>Plaintiff,<br><br>vs.<br><br>**VIVINT SOLAR, INC.,**<br><br>Defendant. | **COMPLAINT**<br>**(Jury Demand)**<br><br>Case No. 2:17-cv-00144-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Adriana Clark ("Clark"), by and through her undersigned counsel, submits this Complaint and Jury Demand against Defendant Vivint Solar, Inc. ("Vivint"). Clark complains and alleges as follows:

### NATURE OF CASE

This is an action against Vivint for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq*.

### PARTIES

1. Plaintiff Clark is a female individual residing in Salt Lake County, State of Utah. Clark is a former employee of Vivint.

2. Defendant Vivint employed Clark from November 2013 until June 2015.

3. At all material times, Vivint employed more than 15 persons.

4. The conduct at issue in this case occurred in Utah County, State of Utah.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to, *inter alia,* 28 U.S.C. §§ 1331 and 1367.

6. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Clark filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission on or about August 20, 2015, alleging discrimination based on sex, religion, and retaliation. *See* Charge of Discrimination, attached as Exhibit 1. Clark received a Notice of Right to Sue (dated November 28, 2016) on December 1, 2016. *See* Notice of Right to Sue, attached as Exhibit 2.

8. Clark has satisfied all administrative prerequisites necessary to file this lawsuit.

## GENERAL FACTUAL ALLEGATIONS

9. Clark began working for Vivint as a Human Resources Generalist on or about November 11, 2013.

10. Clark is female and is not a member of the LDS religion. She was the only non-Mormon person in her department at Vivint, which consisted of around 25 employees.

11. Clark's manager, Matthew Sadowski, encouraged her to get involved in the Mormon religion in several ways, including inviting her to a temple opening

and suggesting she join the Relief Society. Clark did not join or otherwise get involved in the church.

12. Members of her department, including Sadowski, often talked about their religion and made comments indicating their bias against non-Mormons, such as stating that people who drank coffee would not fit in there.  Others made comments suggesting it was odd that Clark worked at all, because their wives worked at home.

13. Male employees at Vivint, who were invariably Mormon, were given preference over women in many ways, including pay, promotions, and status.

14. Male Mormon employees at Vivint were hired and promoted into high-paying positions with less experience than female employees.  They were also given larger bonuses than the female employees.  This practice was true throughout the company, including in the Human Resources department.

15. Clark received promotions to Human Capital Operations Manager on October 20, 2014, and then to Regional Human Capital Manager (East) on February 9, 2015.  Clark was not given an office, despite being a manager.  All the male employees at her level had offices.

16. Clark did not receive pay increases with these promotions.

17. In each of these positions, Clark was paid significantly less than her male Mormon coworkers who were doing substantially similar work, or work with even less responsibilities than she was doing.

18. Many of Clark's male Mormon coworkers who were earning more than her were less qualified and experienced than her.  For instance, while Clark

worked for the company, a man with no background in Human Resources was hired as a Human Capital Business Partner – a role below her level – at nearly double Clark's salary.  This individual was then promoted over Clark, despite having no HR experience, and even though Clark and another female employee had been doing substantial parts of his job, such as investigating discrimination complaints, because he did not have the experience to do them.

19. When Clark was promoted in February without a pay raise, she complained about her pay in relation to her male coworkers to Tessa White, Vice President of Human Capital, and Sadowski, Director of Human Capital.

20. Vivint took no action to address Clark's complaints regarding pay inequities.

21. In mid-April 2015, Sadowski and Sabin informed Clark that the company was moving her position to the East Region, and that because they did not believe she would want to move to the East, she was not being given the option to apply for it.  Clark's counterpart for the West region was allowed to continue living in a different state and traveling to her territory when necessary, but Vivint used Clark being in the same situation as a pretext to terminate her employment.

22. At the same time, Vivint went to great lengths to continue to employee men who were unqualified, but were paid significantly more than the female employees.

23. Sadowski and Sabin agreed that Clark could continue to work for the company until June 5, 2015, to give her time to look for employment.

24. At the time, there were seven positions open in Human Resources for which Clark was qualified, but Clark was not given the option of finding another position with the company. Rather, Sadowski and Sabin informed Clark that she could have one month's severance.

25. A week before Clark was informed she was being terminated, Sadowski hired a Human Resources Generalist who he described as "pretty," remarking that the men in the company would like her.

26. At the time of her termination, Clark was one of only three women in management positions. The others were Tessa White and a paralegal in the legal department, Bre Madsen. Based on information and belief, the paralegal left because of the discrimination she felt.

27. Other women who had complained about pay disparities between men and women were also terminated.

28. Clark suffered economic damages due to being paid less than her male counterparts, and due to her termination.

29. She has also suffered emotional distress due to the discrimination she faced as a Vivint employee, and her termination.

## FIRST CAUSE OF ACTION
### (Discrimination on the Basis of Religion and Gender in Violation of Title VII)

30. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

31. Title VII prohibits disparate treatment of an employee because of religion and gender. 42 U.S.C. § 2000e-2 (a). It is also "an unlawful employment practice

for an employer to discriminate between men and women with regard to fringe benefits." 29 C.F.R. § 1604.9(b).

32. During her employment with Vivint, Clark was discriminated against on the basis of her religion and gender in that her status, pay, opportunities for advancement and promotion were limited by her gender and religion.

33. Clark was also excluded socially and professionally because of her gender and religion.

34. Clark was terminated without being given the opportunity to apply for other jobs within the company, whereas Vivint went above and beyond to retain male Mormon employees at high-paying jobs, even when they were unqualified to perform basic functions of their jobs.

35. Vivint engaged in a pattern or practice of purposefully and intentionally discrimination against its female non-Mormon employees, including Clark, by giving preference in pay, title, status, and promotions to male Mormon employees.

36. Vivint ignored female employees' complaints of discrimination.

37. The discriminatory conduct by Vivint caused Clark damages that she is entitled to recover, including but not limited to her lost wages, benefits, and front pay in lieu of reinstatement.

38. Clark has also suffered emotional distress, pain, and suffering due to Vivint's discriminatory conduct; therefore, she is entitled to compensatory damages in an amount to be proven at trial.

39. Vivint acted with malice or reckless disregard of Clark's rights; therefore, Vivint is liable for punitive damages.

40. Clark is also entitled to recover her attorneys' fees and other costs of this action.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

41. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

42. It is unlawful under Title VII for an employer to retaliate against an employee for complaining about discrimination.

43. Clark engaged in protected activity under Title VII by complaining about the pay disparities between men and women at Vivint.

44. Vivint did not address her complaints and instead, terminated her for pretextual reasons despite the fact that there were openings in her department for which she was qualified. Clark's termination was in retaliation for complaining of discrimination.

45. Vivint treated other women who complained about discrimination similarly, finding ways to terminate their employment.

46. The retaliatory conduct by Vivint caused Clark significant damages that she is entitled to recover, including but not limited to her lost wages, benefits, and front pay in lieu of reinstatement.

47. Clark has also suffered emotional distress, pain, and suffering due to Vivint's retaliation against her; therefore, she is entitled to compensatory damages in an amount to be proven at trial.

48. Vivint acted with malice or reckless disregard of Clark's federally protected right to complain about discrimination; therefore, Vivint is liable for punitive damages.

49. Clark is also entitled to recover her attorneys' fees and other costs of this action.

### THIRD CAUSE OF ACTION
(Violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq.*)

50. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

51. Male employees at Vivint who performed substantially equal work were paid more and given higher bonuses and salary increases than Clark, beginning with her hiring in 2013 and continuing through her 2015 termination.

52. Clark complained about the gender pay differential to White and Sadowski.

53. Vivint ignored Clark's complaints of pay disparity. Vivint's actions were therefore willful and not made in good faith.

54. Clark was injured as a result of the unequal pay differential Vivint implemented, and she is entitled to her lost wages; liquidated damages in an amount equal to her lost wages; and front pay award.

55. Clark is also entitled to her attorney's fees and legal costs associated with this action.

### REQUEST FOR A JURY TRIAL

Plaintiff requests that this matter be tried before a jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages, including but not limited to the payment of back wages and benefits, front pay in lieu of reinstatement, and emotional distress damages;

2. For consequential damages;

3. For punitive damages in an amount to be determined by the jury;

4. Liquidated damages equal to Clark's back and front pay;

5. Injunctive and/or declaratory relief requiring Vivint to take appropriate actions to ensure that its female and non-Mormon employees are able to work in an environment free of discrimination and retaliation;

6. For assessment of civil fines against the Defendant as provided for under statutes;

7. For all costs of litigation and attorneys' fees;

8. Pre-judgment and post-judgment interest at the highest lawful rate; and

9. For such other further and additional relief the Court deems just and proper.

Dated this <u>28th</u> day of February, 2017.

                    **HOLLINGSWORTH LAW OFFICE, LLC**

                    <u>/s/ April L. Hollingsworth</u>
                    April L. Hollingsworth
                    Counsel for Plaintiff