Derek Langton, USB 4068
Susan Baird Motschiedler, USB 10653
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
SMotschiedler@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANA CLARK,<br><br>      Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR, INC.,<br><br>      Defendant. | Case No. 2:17-cv-00144<br><br>**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT**<br><br>Judge Jill N. Parrish |

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant Vivint Solar, Inc. ("Vivint Solar"), by and through counsel, hereby responds to Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Defendant, as follows:

### GENERAL OBJECTIONS

1.     Vivint Solar objects to the Interrogatories, Requests for Production, and Requests for Admission (collectively, the "Requests") to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable trial preparation

4850-7485-1687v5

privilege, doctrine, or immunity.   Vivint Solar does not understand the Requests to include requests to produce communications between Vivint Solar and its attorneys, or work-product documents generated after commencement of this action administratively.   Nothing in this response is intended to be nor should be considered a waiver of any attorney-client privilege, the work product doctrine, or any other applicable trial preparation privilege, doctrine, or immunity. To the extent any document request, or other discovery may be construed as calling for information protected by such privilege or doctrines, a continuing objection to each and every such request for production, or other discovery is hereby imposed. Any production of privileged documents by Vivint Solar is purely inadvertent and shall not constitute a waiver of privilege. If Plaintiff Adriana Clark ("Ms. Clark") receives from Vivint Solar a document that constitutes or otherwise reflects an attorney-client communication, Ms. Clark should immediately notify Vivint Solar of the circumstances, refrain from reading the privileged document, return the document to Vivint Solar, and take reasonable steps to minimize the effects of the inadvertent production.

2.      Vivint Solar objects to the definitions and instructions set forth in the Requests to the extent that they fail to comply with, or purport to impose obligations in excess of, applicable provisions of the Federal Rules of Civil Procedure and/or the District of Utah Local Rules.

3.      Vivint Solar objects to the Requests to the extent that they seek information that is obtainable in a more convenient, less burdensome, and less expensive method than through these discovery requests.

4.      Vivint Solar objects to Ms. Clark's definitions and instructions in that they are overbroad and unduly burdensome or seek information that is already known to Ms. Clark or that Ms. Clark can ascertain for herself based on the produced information.

2

5.     Vivint Solar objects to Ms. Clark's Requests that seek information beyond 2015 in that they are overbroad and unduly burdensome and seeks information that is unrelated to Ms. Clark's claims of discrimination in this case which are based on the time period from 2013 to the termination of Ms. Clark's employment in June 2015.

6.     Vivint Solar objects to Ms. Clark's Definition and Instruction 9 in that the definition of "complaint" and "complaint of discrimination"  is overbroad and unduly burdensome and seeks information not related to Ms. Clark's claims of discrimination in this case, and, instead, the definition includes "any statement . . . regarding [the employee's] treatment by Defendants" – regardless of whether the "statement" was intended as a complaint (as opposed to employee "grousing" or "venting" for example), lodged as an official complaint, followed any complaint procedures or policies, or was at all related to the type of discrimination claims made in this case.

7.     Vivint Solar does not waive any objection to the Requests, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information or identifying document or thing in response to the Requests.

8.     Each of these General Objections is hereinafter incorporated by reference into each and every specific answer set forth below, whether or not specifically stated.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**   Please identify all individuals who had a role in a) relocating Clark's position in 2015, and b) determining that Clark would not be considered for the position, and explain each person's role in the decision.

3

**ANSWER TO INTERROGATORY NO. 1:**  Vivint Solar objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the word "role," and that it assumes facts not in evidence and that are disputed by Vivint Solar (i.e., that "Clark would not be considered for the position").  Vivint Solar further objects to this Interrogatory on the grounds that it apparently refers to the job position of Regional Human Capital Manager (East) at Vivint Solar as "Clark's position."   Notwithstanding the foregoing objections and in the spirit of cooperation, Vivint Solar answers as follows:

Tessa White, Jeremy Sabin, and Matthew Sadowski had collaborative input into the decision to relocate the Regional Human Capital Manager – East position to the field.   Ms. White was the Senior Vice President of Human Capital and Messrs. Sabin and Sadowski were Human Capital Directors.   The Company did not "determin[e] that Clark would not be considered for the position," and therefore no individual played a "role in [that] decision."

**INTERROGATORY NO. 2:**   Identify - by name, job title, department, gender, hire date, total compensation (stating salary and bonus amounts) when hired and, if different, at last report - each employee who worked in the corporate office at any point from 2013 through 2015. (To be clear, this interrogatory is requesting each employee's last reported compensation during the 2013-2015 time period.)

**ANSWER TO INTERROGATORY NO. 2:**  Vivint Solar objects to this Interrogatory on the grounds that it is cumulative of other requests, and not relevant to Ms. Clark's claims in this case under Title VII and the Equal Pay Act that she was paid less than her male comparators, who she has identified as Scott Strong and Anthony Allred.   Vivint Solar further objects to the foregoing Interrogatory on the grounds that the term "corporate office" is vague and ambiguous.

4

Notwithstanding the foregoing objection, and in the spirit of cooperation, Vivint Solar answers as follows:

Vivint Solar directs Ms. Clark to the document labeled VSI_01950 that contains the name, job title, hire date, and 2013 – 2015 compensation information for employees who worked in the Vivint Solar Human Capital Department in Lehi, Utah offices during 2013 – 2105.  Vivint Solar also directs Ms. Clark to its Answers to Interrogatory Nos. 13 and 14 and Reponses to Requests for Production 13 and 14.

**INTERROGATORY NO. 3:**  Identify all individuals from 2013 to present who are or have been tasked with determining salaries for each position with the company, including individuals with the responsibility of determining whether salaries are internally consistent and/or competitive in the market.

**ANSWER TO INTERROGATORY NO. 3:**  Vivint Solar objects to this Interrogatory on the grounds that it overly broad and unduly burdensome in that it seeks information not relevant to Ms. Clark's claims and that it seeks information over a five and half year period, the majority of which Ms. Clark was not employed by Vivint Solar.

Notwithstanding the foregoing objection, Vivint Solar responds that there was no one individual with sole discretion to determine compensation during the relevant time period. During 2014 – 2015, compensation was determined on a case-by-case basis by employees within the compensation department, which consisted of Bruce Gourdin and, later, Hollie Cole.  In 2014, Vivint Solar engaged the third party consulting firm Mercer to conduct a study regarding market ranges for various positions within the company, which the above-referenced individuals used to establish ranges for each position within the company based on the level of experience

5

and geographic location of the candidate.   Vivint Solar also refers Ms. Clark to documents labeled VSI_00009 – VSI_00010, produced with its Initial Disclosures, and documents labeled VSI_00788 – VSI_01253.

**INTERROGATORY NO. 4:**  If your answer to any Request for Admission below is anything other than an unqualified admission, please explain the factual basis for any denial or partial denial.

**ANSWER TO INTERROGATORY NO. 4:**  Vivint Solar directs Ms. Clark to its responses to each Request for Admission.

**INTERROGATORY NO. 5:**  Identify all supervisor and management positions in the company, and all female employees in those positions from 2013 to present (including the last known contact information for each female manager).

**ANSWER TO INTERROGATORY NO. 5:**  Vivint Solar objects to this Interrogatory on the grounds that it is vague and ambiguous as to the definition of "supervisor and management positions."   Vivint Solar further objects to this Interrogatory on the grounds that it is cumulative of other requests, and overly broad and unduly burdensome in that it is not relevant to Ms. Clark's claims in this case under Title VII and the Equal Pay Act that she was paid less than her male comparators, who she has identified as Scott Strong and Anthony Allred, and that it conceivably includes hundreds of employees who have any supervisory or management job duties as part of their job position.

Notwithstanding its objection, Vivint Solar directs Ms. Clark to documents labeled VSI_00173 for a list of female employees in positions that are classified as management or supervisor.

6

**INTERROGATORY NO. 6:**   Identify the reasons the following employees were terminated from their employment with Vivint, or why they stated they were terminating their employment with Vivint: Jamie Ursulich, Bre Madsen, Shawna Orlando, Jackie Jeppson, Brianne Lund, Olivia Kimberley, Tessa White, Angie May, Samila Paul- Decaria, and Juliana Heagren.

**ANSWER TO INTERROGATORY NO. 6:**   Vivint Solar objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to Ms. Clark's claims in this case and that at least one of the employees is still employed by Vivint Solar.

Notwithstanding the foregoing objections, Vivint Solar responds as follows:

- Jamie Ursulich was terminated for performance issues and for making false accusations which were investigated and found to be untrue.

- Bre Madsen voluntarily terminated her employment and told the Company she was pursuing another job opportunity.

- Shawna Orlando was terminated as part of a reduction in force.

- Jackie Jeppson was terminated for performance issues.

- Brianne Lund voluntarily terminated her employment for personal reasons.  Ms. Lund informed that Company that she had a baby and wanted to stay home to take care of the child.

- Olivia Kimberley voluntarily terminated her employment to pursue another job opportunity.

7

- Tessa White resigned from her position as head of Human Capital, but continues to work with the Company in a contractor role.
- Angie May voluntarily terminated her employment and told the Company it was for family/personal reasons.
- Samila Paul-Decaria voluntarily terminated her employment to pursue another job opportunity.
- Juliana Heagren was terminated when her position, Regional Service Manager, was eliminated.

**INTERROGATORY NO. 7:**  For each job Clark held with Vivint, state her title, the dates she held each position, her supervisors, subordinates, job responsibilities, and compensation.

**ANSWER TO INTERROGATORY NO. 7:**  Vivint Solar objects to this Interrogatory on the grounds that the information is or should already be in Clark's possession, and on the ground that is vague and ambiguous as to the definition of "supervisors," and "subordinates."

Notwithstanding its objection, Vivint Solar directs Ms. Clark to documents labeled VSI_00006 produced as part of its Initial Disclosures and to documents labeled VSI_00172; VSI_01945 produced herewith.

**INTERROGATORY NO. 8:**  Identify all complaints regarding pay from any employee from 2013 to present, including the complainant, the substance of the complaint, the date of the complaint, and to whom the complaint was made.

**ANSWER TO INTERROGATORY NO. 8:**  Vivint Solar objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportionate, and seeks

8

information not relevant to Ms. Clark's claims or which is not tracked by Vivint Solar. Vivint Solar further objects to this Interrogatory on the grounds that it is overly burdensome in that "complaint" is so broad and unlimited as to include each and every employee grumble or gripe regarding any aspect of his or her pay – including amount of pay, frequency of pay, structure of pay, complaints about commissions (which Ms. Clark did not receive), chargebacks, etc. – for a period of almost five and a half years, no matter how minor, how the "complaint" was lodged, or the nature of the "complaint."

Notwithstanding its objections and in the spirit of cooperation, Vivint Solar identifies the following individuals who made complaints during the period of 2013 – 2015 which were either based on allegations of compensation discrimination related to sex or religion or which could be construed as such:

- Shawna Orlando made a complaint on July 15, 2014 that two of her male peers had been promoted to positions which had not been posted and received an increase in compensation. Ms. Orlando felt her experience was comparable to at least one of those peers and was upset the positions had not been posted.

- Ezequiel Santiago made a complaint on September 10, 2015. Mr. Santiago was concerned he was not being paid appropriately for the work he was performing, that he was being discriminated against because of his race, and that he was not receiving a religious accommodation to attend religious services on Saturdays because he was scheduled to work.

**INTERROGATORY NO. 9:** Identify all steps taken to investigate and/or address the complaints identified in response to Interrogatory No. 8.

**ANSWER TO INTERROGATORY NO. 9:**   Vivint Solar directs Ms. Clark to its objections and Answer to Interrogatory No. 8.

Notwithstanding its objections, Vivint Solar answers that it interviewed each of the employees listed in Interrogatory No. 8, interviewed co-workers and supervisors, looked at pay data and other relevant information in order to make a determination whether illegal pay discrimination had occurred. Vivint Solar then met with the employees and co-workers/supervisors as needed to explain their determination, provide any correction action, and provide suggested changes to the work environment.   Vivint Solar also directs Ms. Clark to its Response to Request for Production No. 10.

**INTERROGATORY NO. 10:**   Identify all male employees in the corporate office in a supervisor or management position, and state which ones did not have an office at any point from 2013-2015.

**ANSWER TO INTERROGATORY NO. 10:**   Vivint Solar objects to the foregoing Interrogatory on the grounds that it is seeks information not relevant to Ms. Clark's claims in this case, that it is vague and ambiguous as to the definitions of "supervisor or management position" and "office," and on the grounds that it is internally contrary in that it asks Vivint Solar to identify male employees in the corporate "office" that did not have an "office."

Notwithstanding the foregoing, Vivint Solar answers as follows:  During the time period requested, Vivint Solar was very short on office space and did not have one set of offices in which every employee in Lehi, Utah was housed. Instead, Employees worked in or around a few other buildings in the Utah County area.  Generally, Vivint Solar tried to provide Director level employees and above with their own private offices. During the time period requested, however,

not even that was possible due to space restrictions.  For example, Scott Hays was Director of Finance and did not have his own private office for a period of time.  Many other male employee who supervise other employees did not and still do not have individual, private office within the Company's office building.  As one example, Chris Black, who is employed as a Commissions Manager, oversees two other employees and has never had a personal office.

**INTERROGATORY NO. 11:**  For each person identified in your response to Interrogatory No. 2, identify the person(s) who hired each employee and, if different, who determined their title and starting salary.

**ANSWER TO INTERROGATORY NO. 11:**  Vivint Solar objects to this Interrogatory as vague and ambiguous as to the definition of "hired," and additionally directs Ms. Clark to its objections to Interrogatory No. 2 and restates those objections in response to this Interrogatory.

Notwithstanding the foregoing objection, Vivint Solar directs Ms. Clark to its Answer to Interrogatory No. 3.

**INTERROGATORY NO. 12:**  Identify all employees (by name, job title, salary, start date, and physical location) who worked in the Human Resources department at any point in 2014 and 2015.

**ANSWER TO INTERROGATORY NO. 12:**  Vivint Solar objects to this Interrogatory as duplicative and cumulative of other requests, overly broad and unduly burdensome, and not relevant to Ms. Clark's claims in this case.

Notwithstanding its objections, Vivint Solar directs Ms. Clark to document labeled VSI_01950 produced herewith.

4850-7485-1687v5

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents identified in, or relied upon in answering, the foregoing interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  Vivint Solar directs Ms. Clark to the documents referenced in individual Interrogatory Answers.

**REQUEST FOR PRODUCTION NO. 2:**  Provide all policies that applied to employees of the corporate office from 2013 through 2015, including but not limited to policies regarding pay, discrimination, making and resolving complaints, and termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Vivint Solar objects to this Request as overly broad and not relevant to Ms. Clark's claims in this case, duplicative of information already in Ms. Clark's possession and produced by Ms. Clark, and potentially includes each and every directive, policy, or procedure, regardless of how minor and unrelated to Ms. Clark's claims.  Vivint Solar further objects to the foregoing Interrogatory on the grounds that the term "corporate office" is vague and ambiguous.

Notwithstanding its objections, Vivint Solar is producing policies regarding pay, discrimination, making and resolving complaints, and termination and directs Ms. Clark to documents labeled VSI_00465 – VSI_00550;  VSI_00562 – VSI_00652;  VSI_00654 – VSI_00768.

**REQUEST FOR PRODUCTION NO. 3:**  Provide all payroll records that support your answer to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**  Vivint Solar objects to the foregoing Request as overly broad and unduly burdensome.   The information provided in response to Interrogatory No. 2 was pulled directly from Vivint Solar's computer records.

**REQUEST FOR PRODUCTION NO. 4:**   Provide all documentation of Clark's performance, including evaluations and discipline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**  Vivint Solar directs Ms. Clark to documents labeled VSI_00174 – VSI_00176.

**REQUEST FOR PRODUCTION NO. 5:**  Provide all files regarding Clark maintained by any Vivint employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**  Vivint Solar objects to the foregoing Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to her claims in this case, and that it is vague as to time.

Notwithstanding the foregoing objection, Vivint Solar responds that, aside from her personnel file maintained by Vivint Solar, it is unaware of any such files maintained individually by any Vivint Solar employee.  Ms. Clark's personnel file is produced herewith at VSI_00177 – VSI_00768.

**REQUEST FOR PRODUCTION NO. 6:**  Provide all documents showing Clark's job responsibilities at Vivint, including job descriptions and any documentation of performance metrics that applied to her position.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**  Vivint Solar objects to the foregoing Request on the grounds that it is vague as to meaning of "performance metrics," and

4850-7485-1687v5

that it is overly broad and unduly burdensome in that almost any document Ms. Clark dealt with in Human Capital could conceivable "show [Ms. Clark's] job responsibilities"

Notwithstanding the foregoing objection, Vivint Solar directs Ms. Clark to documents labeled VSI_00006, produced with Vivint Solar's Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 7:**  Provide the offer letter, job description, and performance evaluations for Anthony Allred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  Vivint Solar objects to this Request on the grounds that it is seeks information not relevant to Ms. Clark's claims in that it seeks information from after the time period of Ms. Clark's employment with Vivint Solar.

Notwithstanding its objection, Vivint Solar directs Ms. Clark to its response to Interrogatory No. 14 and Request for Production No. 13 and the documents produced therewith.

**REQUEST FOR PRODUCTION NO. 8:**  Provide the offer letter, job description, and performance evaluations for Tina Rojas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  Vivint Solar objects to this Request on the grounds that it is seeks information not relevant to Ms. Clark's Equal Pay Act and Title VII claims based on sex and religious discrimination, that it is it is overly broad and seeks information not relevant to Ms. Clark's claims in that it is not limited to the relevant time period underlying those claims.

Notwithstanding its objections and in the spirit of cooperation, Vivint Solar directs Ms. Clark to documents labeled VSI_00006 (produced with Vivint Solar's Initial Disclosures) and VSI_00771 – VSI_00777.

**REQUEST FOR PRODUCTION NO. 9:**   Provide documentation of all formal or informal complaints made by Clark, and all documents created or reviewed as part of any investigation into those complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**   Vivint Solar objects to the foregoing Request as vague as to the definition of "formal or informal," and overly broad because it requests information not relevant to Ms. Clark's Equal Pay Act and Title VII claims in which she alleges sex and religious discrimination.   Vivint Solar further objects on the grounds that Ms. Clark did not make any complaints of discrimination to Vivint Solar – Ms. Clark's first complaint alleging discrimination based on sex were made in her Charge to the EEOC.   The documents requested are therefore protected by the attorney-client privilege.

Notwithstanding its objections, Vivint Solar is willing to confer with Ms. Clark so that she can identify any non-discrimination based complaints that she alleges she made and which would allow Vivint Solar to identify any relevant and non-privileged documents.

**REQUEST FOR PRODUCTION NO. 10:**   Provide documentation of all complaints regarding pay made by any employee from 2013 to present, and all documents created or reviewed as part of any investigation into those complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**   Vivint Solar directs Ms. Clark to its Response to Interrogatory No. 8, including its objections.   Vivint Solar further objects to this Request to the extent that it requests information protected by the attorney-client or attorney work product privilege or doctrine.

Notwithstanding its objections, Vivint Solar directs Ms. Clark to its Response to Interrogatory No. 8 for a list of employees who made complaints of compensation discrimination

based on sex or religion during the period of 2013 – 2015 and Vivint Solar directs Ms. Clark to documents labeled VSI_01254 – VSI_01327 and VSI_00769 – VSI_00770, which consist of documents that were created and/or reviewed during investigation into the complaints identified in Interrogatory No. 8, to the extent that these documents were saved or still exist.

**REQUEST FOR PRODUCTION NO. 11:**  Provide documentation of all complaints of discrimination made by any employee from 2013 to present, and all documents created or reviewed as part of any investigation into those complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**  Vivint Solar objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the claims in this case in terms of the time period and subject matter of the information sought in that it seeks information from over a five and half year period (the majority of which Ms. Clark was not employed by Vivint Solar) for the entire company, and on the grounds that it is not relevant to Ms. Clark's specific claims of pay discrimination based on sex and/or religious discrimination.   Vivint Solar further objects to this Response to the extent that it seeks information protected by the attorney client privilege and work product doctrine.

Notwithstanding the foregoing objections, Vivint Solar directs Ms. Clark to its objections and answers to Interrogatory Nos. 8 and 9, and the documents produced therewith.

**REQUEST FOR PRODUCTION NO. 12:**  Provide all documents provided to employees as part of training regarding discrimination and/or complaint procedures at Vivint between 2013-2015.

4850-7485-1687v5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**  Vivint Solar objects to this Request on the grounds that it seeks information not relevant to Ms. Clark's claims in this case.

Notwithstanding the foregoing objections, in addition to the Vivint Solar handbooks produced at VSI_00465 – VSI_00550 and VSI_00685 – VSI_00725, Vivint Solar directs Ms. Clark to documents labeled VSI_01670 – VSI_01942, which constitute training and/or policies regarding discrimination and/or procedures for making a complaint regarding discrimination.

<u>**REQUESTS FOR ADMISSIONS**</u>

**REQUEST FOR ADMISSION NO. 1:**  Admit that Anthony Allred was hired making over $120,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**  Vivint Solar objects to the foregoing Request on the ground that it is ambiguous as to whether it seeks an admission that Mr. Allred's prior employer paid him over $120,000 in annual salary or an admission that Vivint Solar paid him over $120,000 in annual salary after it hired him.  Vivint Solar denies that it paid Mr. Allred over $120,000 in annual salary upon hire.

**REQUEST FOR ADMISSION NO. 2:**  Admit that Anthony Allred had no experience working in Human Resources at the time he was hired by Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**  Vivint Solar admits that, prior to being hired by Vivint Solar, Mr. Allred did not have direct experience working within a Human Resource department.  However, Mr. Allred did have skills – such as working with a diverse range of people and evaluating truthfulness – from his prior work experience as a police officer which would be useful in a Human Resource setting.

4850-7485-1687v5

**REQUEST FOR ADMISSION NO. 3:**  Admit that Clark was not provided an office to work in.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**  Vivint Solar objects to the foregoing Request on the grounds that it is vague and ambiguous as to the definition of "office" and that is vague as to time period.  Ms. Clark worked in the Vivint Solar location in Lehi, Utah. Vivint Solar moved office buildings during the time she worked there, but she worked in both offices and was never required to work remotely from home, for example, in lieu of the office. As other managers and directors, she was not provided with her own private office.

**REQUEST FOR ADMISSION NO. 4:**  Admit that all male employees at a supervisor level or above at the corporate office had offices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**  Vivint Solar objects to the foregoing Request on the grounds that it is vague and ambiguous as to the definitions of "office" and "supervisor level," and that it is internally contrary in that it asks if employees in the corporate "office" had "offices."   Vivint Solar additionally objects to the foregoing Request on the grounds that is vague as to time. Vivint Solar specifically denies that every male employee who supervised other employees had his own individual, private office within the Company's office building.  As one example, Chris Black, who is employed as a Commissions Manager, oversees two other employees and has never had a personal office.  As another example, Scott Hays, the Director of Finance did not have his own private office within the Company's office building for a period of time.  Vivint Solar also directs Ms. Clark to its Answer to Interrogatory No. 10.

**REQUEST FOR ADMISSION NO. 5:**  Admit that Anthony Allred was provided with an office.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**  Vivint Solar objects to the foregoing request on the grounds that it is vague and ambiguous as to the definition of "office," and as vague as to time and as to what entity provided Mr. Allred with an office.

**REQUEST FOR ADMISSION NO. 6:**  Admit that Clark complained to Tessa White about her pay in 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**  Vivint Solar admits that Ms. Clark talked to Ms. White in 2015 and requested a pay increase.  Vivint Solar denies that Ms. Clark made any allegations of discrimination at that time or any allegations that she was paid less because she was female at that time.  Ms. Clark first made those allegations when she filed a charge with the EEOC.

**REQUEST FOR ADMISSION NO. 7:**  Admit that Clark complained to Matthew Sadowski about her pay in 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**  Vivint Solar admits that Ms. Clark talked to Mr. Sadowski in 2015 and requested a pay increase.  Vivint Solar denies that Ms. Clark made any allegations of discrimination at that time or any allegations that she was paid less because she was female at that time.  Ms. Clark first made those allegations when she filed a charge with the EEOC.

**REQUEST FOR ADMISSION NO. 8:**  Admit that between April and June 2015, Human Resources had more than one vacancy that needed to be filled.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**   Vivint Solar objects to Request for Admission No. 8 on the grounds that it is ambiguous as to whether it seeks an admission that there were vacancies in the Company for which the Human Capital Department was responsible for hiring or whether there was a job position within the Human Capital Department of the company.  Vivint Solar admits that there was "more than one" vacancy within the Human Capital Department of the company, though avers that Ms. Clark did not want to be paid at the pay rate for any open job positions within Human Capital and did not apply for any of the open positions during the referenced time period.

**REQUEST FOR ADMISSION NO. 9:**   Admit that Clark was not given the option of applying for any open position in Human Resources between April and June 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**   Vivint Solar objects to Request for Admission No. 8 on the grounds that it is vague as to who did not give Ms. Clark "the option of applying."    Vivint Solar denies that Ms. Clark "was not given the option of applying for any open position" in the Human Capital division of Vivint Solar.  Ms. Clark discussed open positions in the Human Capital Department and did not want to be paid at the pay rate for any of the positions, and she did not apply for them.  She was not, however, denied the ability to apply for any position, and indeed did not apply for any open position.

DATED this 3rd day of July, 2018

/s/Susan B. Motschiedler
Susan Baird Motschiedler
PARSONS BEHLE & LATIMER

*Attorneys for Defendants*

4850-7485-1687v5

## **VERIFICATION**

I, Brandon Hale, am authorized to make this verification on behalf of Vivint Solar, Inc. ("Vivint Solar"). I have reviewed Vivint Solar's substantive answers to Plaintiff's First Set of Interrogatories, Requests For Production Of Documents And Requests For Admissions To Defendant, and believe Vivint Solar's answers to be true and correct based on my personal knowledge and the information reasonably available to Vivint Solar at this time.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

EXECUTED on _____July 3_____, 2018.


/s/ _B SH_____

Derek Langton, USB 4068
Susan Baird Motschiedler, USB 10653
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
SMotschiedler@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANA CLARK, | Case No. 2:17-cv-00144 |
|     Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| VIVINT SOLAR, INC., | Judge Jill N. Parrish |
|     Defendant. | |

I hereby certify that on July 3, 2018, I served the foregoing **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT**, via email on the following:

> April L. Hollingsworth
> HOLLINGSWORTH LAW OFFICE, LLC
> 1115 South 900 East
> Salt Lake City, UT 84105
> april@aprilhollingsworthlaw.com

*/s/Susan B. Motschiedler*

4850-7485-1687v5