# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ADRIANA CLARK,<br><br>Plaintiff,<br><br>v.<br><br>VIVINT SOLAR, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00144-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Plaintiff Adriana Clark's ("Clark") motion to compel[2] and (2) Defendant Vivint Solar, Inc.'s ("Vivint") motion to compel Clark's appearance at a deposition.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 30. Pursuant to a court order, *see* docket no. 41, the parties provided supplemental briefing on this motion. *See* docket nos. 43, 45-47.

[3] *See* docket no. 29.

## LEGAL STANDARDS

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

**I.  Clark's Motion to Compel**

In her motion, Clark seeks compelled responses from Vivint to her Interrogatory Nos. 2, 6, 8, 9, and 11, as well as her Request for Production Nos. 1, 3, 9, 10, and 11. Those discovery requests can be generally grouped into the following five categories: (A) salary and related information for 181 Vivint employees (Interrogatory Nos. 2, 11; Request for Production Nos. 1, 3); (B) Vivint employee pay complaints from 2013 to the present (Interrogatory Nos. 8, 9; Request for Production Nos. 1, 10); (C) information about separations of certain former Vivint employees (Interrogatory No. 6; Request for Production No. 1); (D) documents regarding complaints made by Clark to Vivint (Request for Production No. 9); and (E) documents

regarding all complaints of discrimination made by any employee to Vivint from 2013 to the present (Request for Production No. 11). The court will address those categories in turn, followed by (F) Vivint's request for an award of reasonable expenses incurred in connection with Clark's motion.

A.    **Salary and Related Information**

The discovery requests that are the subject of this category seek salary and related information for 181 of Vivint's employees.[4] Clark argues that she is entitled to that information because it is relevant and proportional. In response, Vivint argues that Clark entitled to only salary and related information for employees who worked in Clark's employing unit. Vivint further asserts that it has already provided to Clark the salary and related information for the 58 employees who worked in Clark's employing unit, the Vivint Solar Human Capital Department.

"In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information." *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) (quotations and citations omitted); *see Condor v. W. Bountiful City*, No. 2:07CV924, 2008 WL 4200605, at *2 (D. Utah Sept. 9, 2008) (same); *see also Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084-85 (11th Cir. 1990) ("'[I]n the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination—the employing unit or work unit.'" (quoting *Marshall v. Westinghouse Elec.*

---

[4] The discovery requests that are the subject of this category originally sought salary and related information for more than 181 Vivint employees. By way of her motion, Clark now indicates that she is seeking salary and related information for only the 181 employees she has identified.

3

*Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)) (alteration in original)); *Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 545, 547 (D.D.C. 1983) (citing and quoting *Marshall* for the same proposition stated in *Earley*). "When the employment decisions were made locally, discovery may properly be limited to the employing unit." *Haselhorst*, 163 F.R.D. at 11 (quotations and citations omitted); *see also Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991); *Earley*, 907 F.2d at 1084. "In the absence of any evidence that there were hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to plaintiff's employing unit." *Haselhorst*, 163 F.R.D. at 11 (quotations and citation omitted); *see also Joslin Dry Goods Co. v. Equal Emp't Opportunity Comm'n*, 483 F.2d 178, 183-84 (10th Cir. 1973).

Importantly, Clark does not dispute the propositions set forth in the above-referenced authorities. Instead, apparently recognizing those propositions, Clark asserts that pay decisions within Vivint were centralized and, therefore, that she is entitled to salary and related information beyond her employing unit. The court disagrees. As noted by Vivint, Clark's assertion concerning centralized pay decisions is directly contradicted by Vivint's discovery responses and certain deposition testimony, which indicate that pay decisions were not centralized.[5] Consistent with the foregoing authorities, because Clark has failed to demonstrate to the court that pay decisions were applicable to all employing units within Vivint, the court concludes that Clark is entitled to only the salary and related information for her employing unit, the Vivint Solar Human Capital Department. Because Vivint has apparently already provided that information to Clark, this portion of Clark's motion is denied.

---

[5] *See* docket no. 46 at 5-6.

## B. Employee Pay Complaints

The discovery requests under this category seek certain information about all Vivint employee complaints regarding pay from 2013, the year Clark's tenure at Vivint started, to the present. Clark argues that she is entitled to that information and that Vivint responses to the discovery requests in this category have been unilaterally limited by Vivint to a particular time period, to complaints only about discrimination, and to only formal complaints. In response to Clark's motion, Vivint contends only that the discovery requests in this category are facially overbroad because they seek information outside of the timeframe of Clark's employment at Vivint.

> Courts generally refuse to limit discovery in an employment discrimination case to the specific time period in which a violation is alleged to have occurred. Rather, courts have held that the discovery of information both before and after the alleged discrimination may be relevant . . . . Courts will typically extend the scope of discovery to a reasonable number of years prior to and following the alleged discrimination.

*Epling v. UCB Films, Inc.*, No. CIV.A.98-4226-SAC, 2000 WL 1466216, at *7 (D. Kan. Aug. 7, 2000) (citing numerous cases); *see also James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (permitting discovery into four-year period prior to alleged discrimination).

Based upon those authorities, the court concludes that Vivint's argument is without merit. The court also concludes that the time period of 2013 to the present is reasonable for the discovery requests in this category. Accordingly, this portion of Clark's motion is granted. Within 30 days after the date of this order, Vivint shall provide full responses to the discovery requests in this category.

## C. Information About Separations of Certain Former Employees

The parties' dispute over the discovery requests in this category present a situation with which the court is all too familiar. Clark contends that Vivint has not provided all of the information sought by the discovery requests. In response, Vivint asserts that it has provided all responsive information in its possession that is relevant and non-privileged. In her reply, Clark continues to maintain that Vivint has not produced all responsive information.

When faced with this situation, the court is left with only the following solution. This portion of Clark's motion is granted, on the following terms. To the extent Vivint has not already done so, the court orders Vivint to, within 30 days after the date of this order, produce all relevant, non-privileged information that is responsive to the discovery requests in this category. Once Vivint has done so, it shall provide a sworn declaration to Clark to that effect. Based upon the parties' arguments, the court cannot provide Clark with any further relief. Put another way, the court simply cannot order Vivint to produce information that it claims it does not possess. However, Vivint will not be allowed to later use at trial any responsive information that it now claims it does not possess or does not exist.

## D. Documents Regarding Complaints Made by Clark

After reviewing both Clark's original motion and her supplemental memorandum in support of her motion, the court is unable to find any substantive argument on the discovery request that is the subject of this category. Indeed, in both documents, Clark makes only passing references to that discovery request. It was not until her supplemental reply memorandum that Clark made any substantive argument for that discovery request. By failing to raise her argument on that discovery request in either her original motion or supplemental memorandum,

Clark deprived Vivint of a meaningful opportunity to respond. Therefore, the court declines to consider this argument. *See, e.g.*, *Stake Ctr. Locating v. Logix Commc'ns, L.P.*, No. 2:13-CV-1090-JNP-DBP, 2017 WL 1207516, at *3 (D. Utah Mar. 31, 2017) (declining to entertain a new issue raised for the first time in a reply brief). Accordingly, this portion of Clark's motion is denied.

### E. Documents Regarding All Complaints of Discrimination

The discovery request under this category seeks information about all Vivint employee complaints regarding discrimination from 2013 to the present. Clark contends that she is entitled to that information. In response, Vivint argues only that the discovery requests in this category are facially overbroad because they seek information outside of the timeframe of Clark's employment at Vivint.

In addressing the same argument made by Vivint above, the court concluded that it was without merit. *See Epling*, 2000 WL 1466216, at *7; *James*, 591 F.2d at 582. The court reaches the same conclusion here. The court also concludes, as it did above, that the time period of 2013 to the present is reasonable for the discovery request in this category. Accordingly, this portion of Clark's motion is granted. Within 30 days after the date of this order, Vivint shall provide full responses to the discovery request in this category.

### F. Vivint's Request for an Award of Reasonable Expenses

Vivint requests an award of reasonable expenses incurred in connection with Clark's motion to compel. The court has granted portions of Clark's motion to compel, while denying other parts. Accordingly, Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure governs any potential award of reasonable expenses. While that rule does allow the court to apportion an

award of reasonable expenses, the court declines to do so here. Therefore, Vivint's request is denied.

II. **Vivint's Motion to Compel Clark's Appearance at a Deposition**

Based upon Clark's response to this motion, it is apparent to the court that she was refusing to appear for her deposition only until the discovery issues raised in her motion to compel were resolved. The court disagrees with Clark's position on that issue. There is no authority to support the proposition that a party may refuse to appear for her deposition until the opposing party responds to discovery requests. To the contrary, appearing for a deposition and providing responses to discovery requests are independent requirements under the Federal Rules of Civil Procedure. Had Clark wished to delay her deposition, she should have used the appropriate vehicle of seeking a protective order from the court.

Nevertheless, having resolved the issues in Clark's motion to compel, the court concludes that Clark must now appear for her deposition. Accordingly, Vivint's motion to compel Clark's appearance at a deposition is granted. Within 14 days after Vivint provides the additional discovery responses required by this order, the parties shall meet and confer to attempt to agree upon a date and time for Clark's deposition that is mutually convenient for the parties and their counsel. If further issues arise concerning the scheduling of Clark's deposition, Vivint should bring those issues to the court by way of an appropriate motion.

As a final matter, the court addresses Vivint's request for an award of reasonable expenses incurred in connection with this motion. The court concludes that an award of reasonable expenses to Vivint is not justified under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, Vivint's request is denied.

## CONCLUSION AND ORDER

In summary, and as detailed above, IT IS HEREBY ORDERED:

1.  Clark's motion to compel[6] is GRANTED IN PART and DENIED IN PART.

2.  Vivint's request for an award of reasonable expenses incurred in connection with Clark's motion to compel is DENIED.

3.  Vivint's motion to compel Clark's appearance at a deposition[7] is GRANTED.

4.  Vivint's request for an award of reasonable expenses incurred in connection with its motion to compel Clark's appearance at a deposition is DENIED.

IT IS SO ORDERED.

DATED this 15th day of March, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* docket no. 30.

[7] *See* docket no. 29.